# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KATHERINE KINNE,

       Petitioner,

v.                                No. 8:17-cv-2844-T-02SPF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

       Respondent.

_____/

## ORDER DENYING PETITION

Katherine Kinne petitions for the writ of habeas corpus under 28 U.S.C.

§ 2254 and challenges her state court conviction for unlawful sexual activity with

a minor.  After careful consideration of the petition (Doc. 1) and the response

(Doc. 8) and supporting appendix (Doc. 11)[1], the Court denies the petition.

### Background and Procedural History

Ms. Kinne had oral and vaginal sex with A.B., a 16-year-old boy.

A.B. testified that he and Ms. Kinne had sex in her bedroom.  (Doc. 11, Ex. 20

at 197–99, 204–09)  Several weeks later, A.B.'s mother discovered sexually

explicit text messages from Ms. Kinne on A.B.'s telephone and called the police.

_____

[1] The appendix contains the relevant state court record in 21 exhibits. Record citations will include the exhibit number and, if necessary, the page number.

1

(Doc. 11, Ex. 20 at 267–69)  Also, Ms. Kinne told A.B.'s ex-girlfriend that she was having sex with A.B.  (Doc. 11, Ex. 20 at 345–49)

When a detective confronted Ms. Kinne with the sexually explicit text messages, Ms. Kinne denied both having sex with A.B. and sending him the messages.  (Doc. 11, Ex. 20 at 382, 411)  Ms. Kinne said that her teenaged daughter and her daughter's friend sent the messages.  (Doc. 11, Ex. 20 at 383–89, 395, 399, 406)  Ms. Kinne claimed that she was drunk and joking when she told A.B.'s ex-girlfriend about the sex.  (Doc. 11, Ex. 20 at 407)

A.B. reported the crime to police only after police questioned him about throwing rocks at Ms. Kinne's car.  (Doc. 11, Ex. 20 at 246–49)  A.B. was mad at Ms. Kinne because she had called police to have A.B.'s brother arrested.  (Doc. 11, Ex. 20 at 240–44)  During the defense's case-in-chief, Ms. Kinne's daughter testified that she had feelings for A.B. and had sent him sexually explicit text messages with her mother's telephone.  (Doc. 11, Ex. 20 at 461–63, 478–79, 483–84)  Her daughter's friend testified that she had feelings for A.B.'s brother and had sent him sexually explicit text messages with the telephone as well. (Doc. 11, Ex. 20 at 557–58)

The jury found Ms. Kinne guilty of unlawful sexual activity with a minor (Doc. 3) and the trial court sentenced her to 10 years in prison.  (Doc. 2)  The state appellate court affirmed the conviction and sentence.  (Docs. 2 and 8)  Ms. Kinne

sought relief on post-conviction.  (Doc. 10)  The post-conviction court summarily denied relief (Doc. 11) and the state appellate court affirmed in an unelaborated decision.  (Doc. 14)  Ms. Kinne's timely federal petition followed.

### Exhaustion and Procedural Default

A petitioner must exhaust the remedies available in state court before a federal court can grant relief on habeas.  28 U.S.C. § 2254(b)(1)(A).  The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971).  The state court must have the first opportunity to review and correct any alleged violation of a federal right.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal court may stay — or dismiss without prejudice — a habeas case to allow a petitioner to return to state court to exhaust a claim.  *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982).  If the state court would deny the claim on state procedural grounds, the federal court should instead deny the claim as procedurally barred.  *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

A federal court also must deny a claim as procedurally barred if the state court denied the claim on independent and adequate state procedural grounds.

*Coleman*, 501 U.S. at 729–30.  The last state court reviewing the federal claim must clearly and expressly state that the ruling rests on the state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).  If the last state court rejected the federal claim in an unexplained decision, the federal court must look through the unexplained decision to the last reasoned order to rule on the claim.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  If the last reasoned order imposed a state procedural bar, the federal court should presume that the later unexplained decision did not silently disregard the bar and consider the merits.  *Id.*

A petitioner may avoid a procedural default on federal habeas by (1) showing cause for the default and actual prejudice from the alleged violation of federal law or (2) demonstrating a miscarriage of justice.  *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

Respondent asserts that Ground One, Ground Four, and Ground Five are unexhausted and procedurally barred.  (Doc. 8 at 4, 14–15, 30, 31–32)

**Ground One**

Ms. Kinne contends that, during closing argument, the prosecutor denigrated her character and the defense's theory of the case, commented on facts not in evidence, and shifted the burden of proof to the defense.  (Doc. 1 at 7–8)  She asserts that trial counsel was ineffective for not objecting to the prosecutor's comments.  (Doc. 1 at 7)

Ms. Kinne raised this claim in her state post-conviction motion.  (Doc. 11, Ex. 10 at 3–5)  She did not file a brief on appeal but was not required to do so because the post-conviction court denied the motion without an evidentiary hearing.  (Doc. 11)  Fla. R. App. P. 9.141(b)(2)(C)(i).  Even though Ms. Kinne cited neither *Strickland v. Washington*, 466 U.S. 668 (1984) nor the Sixth Amendment in her motion, *Strickland* governs an ineffective assistance of counsel claim in a Florida court.  *Carratelli v. State*, 961 So. 2d 312, 320 (Fla. 2007) ("A defendant's claim that his counsel offered ineffective assistance at trial, for whatever reason, must be analyzed under the standard the Supreme Court enunciated in *Strickland*.").  The post-conviction court evaluated the claim under *Strickland*.  (Doc. 11 at 30–31)  Because she adequately alerted the state court to the federal nature of her claim and gave the state court a full opportunity to resolve the claim, Ms. Kinne is entitled to a review of the claim on the merits.  *Boerckel*, 526 U.S. at 845; *Connor*, 404 U.S. at 278.

**Ground Four**

Ms. Kinne asserts that the state court erred by denying her motion for judgment of acquittal because the prosecution failed to rebut her hypothesis of innocence ("Trial Claim") and trial counsel was ineffective for not presenting an expanded motion for judgment of acquittal ("Ineffective Assistance of Counsel Claim").  (Doc. 1 at 15)

5

**Trial Claim**

Ms. Kinne moved for a judgment of acquittal at trial (Doc. 11, Ex. 20 at 453–55, 578–79) but did not raise the issue in her brief on direct appeal.  (Doc. 5 at ii, 20–21)  Because Ms. Kinne did not give the state court one full opportunity to resolve the trial claim by invoking one complete round of the state's established appellate review process, the trial claim is unexhausted.  *Boerckel*, 526 U.S. at 845.

Also, Ms. Kinne raised the trial claim in her state post-conviction motion. (Doc. 11, Ex. 10 at 10)  However, she neither labeled the claim "federal" nor cited the federal constitution or a case deciding a similar claim on federal law.  *Reese*, 541 U.S. at 32.  The trial claim is unexhausted for that reason as well.  *Preston v. Sec'y, Fla. Dep't Corrs.*, 785 F.3d 449, 459 (11th Cir. 2015) ("'Simply referring' to sufficiency of the evidence 'is not a sufficient reference to a federal claim, any more than a reference to' a constitutional right of confrontation of witnesses or ineffective assistance of counsel was sufficient in the past.") (citations omitted).

Lastly, the post-conviction court denied the claim as follows (Doc. 11, Ex. 11 at 3):

> . . . Defendant argues that the trial court erred in denying the Defendant's Motion for Judgment of Acquittal. Trial court errors are not cognizable in rule 3.850 motions. *See Steward v. State*, 931 So. 2d 133 (Fla. 2d DCA 2006); *Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001).

Because Ms. Kinne could have raised the trial claim on direct appeal, the post-conviction court concluded that the trial claim was not cognizable and procedurally barred. Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Bruno*, 807 So. 2d at 63 ("A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal."). The post-conviction court's denial of the claim was based on independent and adequate state procedural grounds, and the trial claim is procedurally defaulted on federal habeas. *Waldrop v. Jones*, 77 F.3d 1308, 1314 (11th Cir. 1996).

Ms. Kinne asserts neither cause and prejudice nor manifest injustice to excuse the procedural default. If Ms. Kinne returns to state court to exhaust the trial claim, the state court would dismiss the claim as untimely and procedurally barred. Fla. R. Crim. P. 3.850(b), (c). Consequently, the trial claim in Ground Four is procedurally barred from federal review. *Snowden*, 135 F.3d at 736.

**Ineffective Assistance of Counsel Claim**

Ms. Kinne asserted in her post-conviction motion that trial counsel was ineffective for not presenting an expanded motion for judgment of acquittal. (Doc. 11, Ex. 10 at 10) She did not file a brief on appeal but was not required to

do so because the post-conviction court denied the motion without an evidentiary hearing.  (Doc. 11)  Fla. R. App. P. 9.141(b)(2)(C)(i).  Even though Ms. Kinne cited neither *Strickland* nor the Sixth Amendment in her motion, *Strickland* governs an ineffective assistance of counsel claim in a Florida court.  *Carratelli*, 961 So. 2d at 320.  The state court did not rule on the claim (Doc. 11, Ex. 11 at 3) but Ms. Kinne still exhausted the claim.  *Ogle v. Johnson*, 488 F.3d 1364, 1369 (11th Cir. 2007) ("'It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state . . . court chooses to ignore in its opinion a federal constitutional claim squarely raised . . . in the state court.'") (citation omitted).  Because she adequately alerted the state court to the federal nature of her claim and gave the state court a full opportunity to resolve the claim, Ms. Kinne is entitled to a review of the ineffective assistance of counsel claim in Ground Four on the merits.  *Boerckel*, 526 U.S. at 845; *Connor*, 404 U.S. at 278.

**Ground Five**

Ms. Kinne asserts that trial counsel was ineffective for not objecting to comments by the trial judge at sentencing.  (Doc. 1 at 18)  She contends that the trial judge criticized her for acting like a bad mother.  (Doc. 1 at 18)  Ms. Kinne raised the claim in her state post-conviction motion.  (Doc. 11, Ex. 10 at 11–12)  She did not file a brief on appeal but was not required to do so because

the post-conviction court denied the motion without an evidentiary hearing.

(Doc. 11)  Fla. R. App. P. 9.141(b)(2)(C)(i).  Even though Ms. Kinne cited neither

*Strickland* nor the Sixth Amendment in her motion, *Strickland* governs an

ineffective assistance of counsel claim in a Florida court.  *Carratelli*, 961 So. 2d

at 320.  In the order denying the claim, the post-conviction court recited the two

components of the *Strickland* standard.  (Doc. 11, Ex. 11 at 1–2)  Because she

adequately alerted the state court to the federal nature of her claim and gave the

state court a full opportunity to resolve the claim, Ms. Kinne is entitled to a review

of Ground Five on the merits.  *Boerckel*, 526 U.S. at 845; *Connor*, 404 U.S. at 278.

## Standards of Review

### AEDPA

Because Ms. Kinne filed her federal petition after the enactment of the

Antiterrorism and Effective Death Penalty Act of 1996, AEDPA governs the

review of her claims.  *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997).  AEDPA

amended 28 U.S.C. § 2254(d) to require:

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim —
>
> (1)   resulted in a decision that was contrary to, or
>        involved an unreasonable application of, clearly
>        established Federal law, as determined by the
>        Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an
> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceeding.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) interprets this constraint on the

power of the federal court to grant a state prisoner's petition:

> Under the "contrary to" clause, a federal habeas court may
> grant the writ if the state court arrives at a conclusion
> opposite to that reached by this Court on a question of law or
> if the state court decides a case differently than this Court has
> on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may
> grant the writ if the state court identifies the correct governing
> legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

"[C]learly established Federal law" encompasses only the holdings of the Supreme

Court at the time of the relevant state court decision.  *Williams*, 529 U.S. at 412.

"[A]n unreasonable application of federal law is different from an *incorrect*

or *erroneous* application of federal law."  *Williams*, 529 U.S. at 412 (italics in

original).  Even clear error is not enough.  *Virginia v. LeBlanc*, 137 S. Ct. 1726,

1728 (2017).  A federal habeas petitioner must show that the state court's ruling

was "so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility of fairminded disagreement."

*Harrington v. Richter*, 562 U.S. 86, 103 (2011).  "This is 'meant to be' a difficult

standard to meet."  *LeBlanc*, 137 S. Ct. at 1728 (quoting *Richter*, 562 U.S. at 102).

A factual determination by a state court is not unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  A federal habeas court may grant relief only if "in light of the evidence presented in the state court proceedings, no reasonable jurist would agree with the factual determinations upon which the state court decision is based."  *Raleigh v. Sec'y, Fla. Dep't Corrs.*, 827 F.3d 938, 948–49 (11th Cir. 2016).  Also, a state court's factual determinations are presumed correct, and a petitioner has the burden of rebutting that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  Consequently, "review under [Section] 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). *Accord Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1294–95 (11th Cir. 2015) (applying *Pinholster* to Section 2254(d)(2)).

If the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons in the opinion and defers to those reasons if reasonable.  *Wilson v. Sellers*,

138 S. Ct. 1188, 1192 (2018).  If the last state court decision is without reasons, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning."  *Wilson*, 138 S. Ct. at 1192.

**Ineffective Assistance of Counsel**

Ms. Kinne asserts ineffective assistance of counsel — a difficult claim to sustain.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984) explains:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court deciding an ineffective assistance of counsel claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Strickland*, 466 U.S. at 697.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.*

12

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.  To demonstrate prejudice the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690–91.  A defendant cannot meet his burden by showing that the avenue chosen by counsel was unsuccessful.  *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).  *Accord Jones v. Barnes*, 463 U.S. 745, 751 (1983) (confirming that counsel does not have a duty to raise a frivolous claim).  Because the standards under *Strickland* and AEDPA are both highly deferential, "when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105.  "Given the double deference due, it is a 'rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.'" *Nance v. Warden, Ga. Diag. Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) (quoting *Johnson v. Sec'y, Dep't Corrs.*, 643 F.3d 907, 911 (11th Cir. 2011)).

13

In this case, the state court's rejection of Ms. Kinne's grounds on the merits is owed deference under Section 2254(d).  The post-conviction court recognized that *Strickland* governs the ineffective assistance of counsel claims.  (Doc. 11, Ex. 11 at 1–2)  Because the state court denied the grounds based on *Strickland*, Ms. Kinne cannot meet the "contrary to" test in Section 2254(d).  Ms. Kinne instead must show that the state court unreasonably applied *Strickland* or unreasonably determined a fact.

## Analysis

## Ground One

Ms. Kinne asserts that trial counsel was ineffective for not objecting to three comments by the prosecutor during closing argument.  (Doc. 1 at 7–8 and Doc. 11, Ex. 10 at 3–5)  Ms. Kinne contends that the prosecutor denigrated both her character and the defense's theory of the case, commented on facts not in evidence, expressed personal beliefs of her guilt, and shifted the burden of proof.  (Doc. 1 at 7)   The post-conviction court denied the claim as to each comment as follows.

### Comment One and Comment Two

> Defendant writes that the State improperly commented on her marital problems, that she made her daughter take the blame for the text messages, [and] interjected her personal beliefs. . . . To the extent that the State argued marital problems and placing the blame on her daughter, the State was merely arguing reasonable inferences from the evidence. *See Miller v. State*, 926 So. 2d 1243, 1254–55 (Fla. 2006). Additionally, Corporal Sean Noble testified that the daughter, Taylor

14

> Kinne, on the night her mother was questioned, told the officer that she did not send the texts. At trial, the daughter said that she sent the texts. During the taped interview of the Defendant, she blamed her daughter for sending the texts.

(Doc. 1 at 26) (state court record citations omitted)

In her post-conviction motion (Doc. 11, Ex. 10 at 3), Ms. Kinne contended that trial counsel should have objected to the following comments by the prosecutor (Doc. 11, Ex. 20 at 652, 656):

| | |
|---|---|
| [Prosecutor:] | Now, members of the jury, the worst thing about this case is what the — is that the detectives [were] asking in their questioning the defendant you're really going to put this on your 15-year-old daughter, you're going to drag her through this and say that she's the one who sent these explicit messages, she's the one who said things like I need your d*ck, let's f*ck. And unfortunately today, members of the jury, that's actually what you observed. The defendant forced her daughter who was 13 at the time — |
| [Trial counsel:] | Objection, judge. |
| [Prosecutor:] | — to come here — |
| [Court:] | Sustained. |
| [Prosecutor:] | — her daughter to come in here — |
| [Trial counsel:] | Judge, I am going to ask for a curative instruction on that. |
| [Court:] | I am going to sustain the objection. |

15

| | |
|---|---|
| [Prosecutor:] | — to come in here and say these are all me. That's what Taylor did. And Taylor means well. We understand, members of the jury. She wants to protect her mother at all costs. |
| | . . . |
| [Prosecutor:] | So who is left? Who could have sent these messages? Well, her husband was gone. Her husband had left for eight days leaving the defendant lonely without love, affection, or care. They were having marital issues. |
| [Trial counsel:] | Objection, Judge, facts not in evidence. |
| [Court:] | Sustained. |
| [Prosecutor:] | Withdrawn. Her husband was gone. He went to California for eight days. But surely no one would have believed that he would send these messages. |

After closing argument, trial counsel moved for a mistrial, and the trial court orally denied the motion as follows (Doc. 11, Ex. 20 at 674–76):

> Regarding the State's comment that Taylor was forced to come into court and testify, the State was clearly pointing [ ] to the defendant's statement when the State made that comment. I note that in the defendant's statement to law enforcement which is in evidence the defendant is the very first one that ever brings up Taylor and brings up the fact that Taylor may be the one that was in the inappropriate relationship and was the one that maybe sent the text messages.
>
> The State was clearly referring to the defendant's taped statement and at that point the defense nonetheless objected and I went ahead and I believe I sustained it. But, nonetheless, it was in reference to the taped statement.

16

The defendant — law enforcement never brought in Taylor into the equation. It was the defendant that brought Taylor into the equation. It was the defendant that brought in Taylor for the very first time as the possible perpetrator. And the State clearly was referring to the defendant's taped statement.

As long as it's based on the evidence, that's not grounds for a mistrial. There's no reason to believe that the fundamental fairness of the trial has been prejudiced at this point in time when the State is pointing to in fact the defendant's statement which is the very first statement that brings Taylor into the equation.

As to the relationship, yes, that's inappropriate. The State said that the defendant was having martial trouble. There's no evidence to suggest [marital trouble] that I heard.

That being said, it was objected to, I sustained it, and [the prosecutor] never mentioned [it] again. That most certainly doesn't rise to the level of a mistrial as there's no reason to believe that that comment which was quickly sustained as far as [an] objection is concerned would vitiate the fundamental fairness of the trial.

So at this point in time based on my ruling, the Court is going to go ahead and deny the motion for mistrial.

Trial counsel both objected to the prosecutor's comments and moved for a mistrial and therefore was not ineffective.  Whether the prosecutor's comments were appropriate and whether the state court should have granted a mistrial are issues of state law, and a state court's determination of state law receives deference in federal court.  *Herring v. Sec'y, Dep't Corrs.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had Quarles done what Herring

argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (citation omitted).

A detective testified at trial that Ms. Kinne blamed her daughter for sending the sexually explicit messages.  (Doc. 11, Ex. 20 at 330–31)  During the recorded interrogation, Ms. Kinne repeatedly blamed her daughter for sending the messages. (Doc. 11, Ex. 20 at 386–89, 393–401, 405–06, 411–12)  The prosecutor did not repeat the comment about Ms. Kinne's marital problems during closing argument. (Doc. 11, Ex. 20 at 656–59)  Consequently, the state court did not unreasonably apply *Strickland*.  *Spencer v. State*, 645 So. 2d 377, 383 (Fla. 1994) ("In order for the prosecutor's comments to merit a new trial, the comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.") (citation and quotations omitted).

### Comment Three

> . . . Defendant argues that trial counsel was ineffective for failing to challenge prosecutorial misconduct during closing arguments. . . . When the State made the comment about the evidence which the Defendant claims constitutes burden shifting, trial counsel did object but that objection was overruled. The Court does not find that the State made improper arguments or that the burden was shifted to the Defendant.

(Doc. 1 at 26) (state court record citations omitted)

In her post-conviction motion, Ms. Kinne contended that trial counsel should have objected to the following comment by the prosecutor during rebuttal closing argument (Doc. 11, Ex. 20 at 656):

| | |
|---|---|
| [Prosecutor:] | Or are we to believe that after every message someone said this is Kara, after every message someone said this is Taylor, after every message somebody said this is not Katherine Kinne? That's what were to believe? |
| | No, members of the jury. You see, the Court is going to tell you that when it talks about reasonable doubt[,] reasonable doubt is not a mere possible doubt, it's not a speculative doubt, an imaginary doubt or forced doubt, such a doubt must not influence you to return a verdict of not guilty. |
| | What that means, members of the jury, is that, sure, there are possibilities out there, we can speculate to things that are not in evidence. We cannot imagine or force ourselves to believe certain things. But if there's no evidence to back things up, that's not reasonable doubt. |
| [Trial counsel:] | Objection, Judge. |
| [Court:] | Overruled. |
| [Trial counsel:] | This is the standard of — |
| [Court:] | Overruled. We're having an objection on the record. So overruled. |

Trial counsel objected to the comment and therefore was not ineffective. Whether the comment improperly shifted the burden of proof is an issue of state law, and a state court's determination of state law receives deference in federal court. *Herring*, 397 F.3d at 1354–55.

During the defense's closing argument, trial counsel argued that Ms. Kinne's daughter and her friend sent the sexually explicit messages to A.B. (Doc. 11, Ex. 20 at 642–43)  The prosecutor's comment responded to this argument.  After closing argument, the trial court instructed the jury (Doc. 11, Ex. 20 at 662):

> [Court:]  A reasonable doubt is not a mere possible doubt, a speculative, imaginary, or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt.
>
> On the other hand, if after carefully considering, comparing, and weighing all of the evidence there is not an abiding conviction of guilt or if . . . it is one [ ] which is not stable but one which wavers and vacillates, then the charge is not proven beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.

Because the prosecutor's comment both tracked the reasonable doubt jury instruction and fairly replied to the defense's argument, the state court did not unreasonably apply *Strickland*.  *Andres v. State*, 254 So. 3d 283, 300 (Fla. 2018) ("While the State cannot comment on the defendant's failure to present evidence,

there is no impropriety in observing, in response to arguments made by the defense, that the defense's theory of this case is not supported by actual evidence."). Ground One is denied.

## Ground Two

Ms. Kinne asserts that trial counsel was ineffective for (1) not objecting to the admission of text messages for lack of authentication and (2) not retaining an expert to investigate and testify that another adult received the text messages. (Doc. 1 at 10–11)  The post-conviction court denied the claim as follows (Doc. 1 at 26) (state court record citations omitted):

> . . . Defendant argues that trial counsel failed to challenge the reliability of the text messages and failed to obtain an expert witness. Defendant argues that the State expert, Glen Hayes, was not familiar with the program used to extract the messages and could not tell which messages had been received or sent. Therefore, the reliability regarding the text messages could not be established. The evidence at trial from Anthony Brown and Angela Heggs was that the victim received several sexually explicit text messages from the Defendant's phone. Defendant herself stated that the messages were sent by several different people who had access to her phone. Glen Hayes testified regarding how the text messages were extracted from the victim's phone and from which number the messages were received. The Court finds that reliability was established. Additionally, the Defendant argues that a defense expert should have been obtained to establish that the text messages were sent to and from Hamza Williams, another adult. The Court does not find this argument to be persuasive based on the fact that when questioned, the Defendant mentioned that her daughter and another person, Kara Wintermote, had sent texts from the Defendant's phone. It was established that the texts were sent from the Defendant's phone and were received by the victim.

21

> At no point does the Defendant tell the officers that she sent the texts to another adult. The Defendant's defense was that someone else sent the texts to the victim from her phone. To argue otherwise would be inconsistent with the Defendant's own defense. Defendant has failed to establish deficient performance or prejudice.

Trial counsel objected to the admission of the text messages for lack of authentication and therefore was not ineffective.  (Doc. 11, Ex. 20 at 294–96, 297, 299–301)  Whether the prosecution adequately authenticated the text messages is an issue of state law, and a state court's determination of state law receives deference in federal court.  Fla. Stat. § 90.901; *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) ("The federal courts must defer to a state court's interpretation of its own rules of evidence and procedure.").

A.B.'s mother testified that she found text messages from Ms. Kinne on A.B.'s telephone.  (Doc. 11, Ex. 20 at 267–68)  A.B. identified text messages between him and Ms. Kinne as "fair and accurate."  (Doc. 11, Ex. 20 at 215–16)  Ms. Kinne told police that her daughter and her daughter's friend used her telephone to send the messages to A.B.  (Doc. 11, Ex. 20 at 382–84, 386–88)  A detective collected and delivered A.B.'s telephone to a computer forensic specialist (Doc. 11, Ex. 20 at 361–63) who used a computer program to extract the text messages from the telephone.  (Doc. 11, Ex. 20 at 305–09, 363–66)  Because this evidence demonstrated that the text messages were genuinely what the prosecution claimed, the state court did not unreasonably apply *Strickland*.

*Smiley v. State*, 295 So. 3d 156, 167 (Fla. 2020) ("Authentication for the purpose of admission is a relatively low threshold that requires evidence sufficient to support a finding that [the evidence] in question is what the proponent claims."); *State v. Torres*, 45 Fla. L. Weekly D2286, D2287 (Fla. 4th DCA Oct. 7, 2020) ("Even when messages are not obtained directly from the sender's phone, electronic communications, like other traditional communications, may be authenticated by appearance, contents, substance, internal patterns, or other distinctive characteristics taken in conjunction with the circumstances.") (citations and quotations omitted).

Ms. Kinne did not present an affidavit by an expert who would have testified that she sent the text messages to Hamza Williams (Doc. 11, Ex. 10 at 6–7), and her claim that trial counsel was ineffective for not presenting the expert's testimony was speculative. *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit."); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) ("[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative."). The expert's testimony would have contradicted Ms. Kinne's explanation to police that her daughter and

her daughter's friend sent the messages.  (Doc. 11, Ex. 20 at 382–84, 386–88)
Consequently, the state court did not unreasonably apply *Strickland*'s prejudice
component.  *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988) ("[B]y
preventing the jury from hearing testimony that would have damaged Alexander's
alibi defense, counsel's failure to call Harris as a witness, far from prejudicing
Alexander's case, actually helped it.").  *Accord Tanzi v. Sec'y, Fla. Dep't Corrs.*,
772 F.3d 644, 659 (11th Cir. 2014) ("Trial counsel's decision not to call a reluctant
witness or one that might be more harmful than helpful might reasonably be
considered sound trial strategy.").  Ground Two is denied.

**Ground Three**

Ms. Kinne asserts that trial counsel was ineffective for not presenting
testimony by Hamza Williams and Mario Taylor at trial.  (Doc. 1 at 12–13)  She
contends that Mr. Williams would have testified that he had a relationship with
Ms. Kinne and sent the sexually explicit messages to Ms. Kinne from his
telephone.  (Doc. 1 at 12–13)  She further contends that Mr. Taylor would have
testified that he lived at Ms. Kinne's home at the time of the crime, never saw A.B.
have sex with Ms. Kinne, and never saw A.B. spend the night.  (Doc. 1 at 13)  The
post-conviction court denied the claim as follows (Doc. 1 at 27) (state court
citations omitted):

> . . . Defendant argues that trial counsel was ineffective for
> failing to call two different witnesses at trial. Trial counsel

24

should have called Hamza Williams who Defendant claims
would have testified that the incoming texts came from his
phone. The Court finds that this testimony would not explain
the sexually explicit messages that came from Defendant's
phone to the victim's phone. Defendant also writes that trial
counsel should have called Mario Taylor who would have
testified that the victim never spent the night and that the
victim and Defendant never had sexual intercourse.
Defendant fails to indicate Mr. Taylor's basis of knowledge.
Additionally, the evidence would be cumulative as Taylor
Kinne and Montrae Keller already testified that the victim did
not stay the night and Mr. Keller further testified that the
victim and Defendant did not have sex.

Because Ms. Kinne did not present affidavits by Mr. Williams and

Mr. Taylor to show that the witnesses would have testified in the manner that she

contended (Doc. 11, Ex. 10 at 8–9), her claim was speculative. *Ashimi*, 932 F.2d

at 650; *Buckelew*, 575 F.2d at 521. Mr. Williams's proffered testimony that the

incoming text messages came from his telephone would not have explained the

outgoing text messages. Also, the proffered testimony would have contradicted

Ms. Kinne's statement to police that her daughter and her daughter's friend sent

the messages. (Doc. 11, Ex. 20 at 382–84, 386–88) *Alexander*, 841 F.2d at 375.

Ms. Kinne's daughter and a male who rented a room in Ms. Kinne's home

both testified that A.B. did not spend the night. (Doc. 11, Ex. 20 at 460, 468, 497)

Mr. Taylor's proffered testimony was also cumulative and, consequently, the state

court did not unreasonably apply *Strickland*. *Ledford v. Warden, Ga. Diag. and

Class'n Prison*, 818 F.3d 600, 649 (11th Cir. 2016) ("'[A] petitioner cannot satisfy

the prejudice prong of the *Strickland* test with evidence that is merely cumulative

25

of evidence already presented at trial.'") (quoting *Rose v. McNeil*, 634 F.3d 1224, 1243 (11th Cir. 2016)).  Ground Three is denied.

**Ground Four**

Ms. Kinne asserts that the trial counsel was ineffective for not arguing that the prosecution failed to rebut her hypothesis of innocence in an expanded motion for judgment of acquittal.  (Doc. 1 at 16)  The post-conviction court did not rule on this claim.  (Doc. 1 at 27)  However, a federal court presumes that the state court adjudicated the claim on the merits.  *Johnson v. Williams*, 568 U.S. 289, 299–300 (2013) ("[W]e see no reason why the *Richter* presumption should not also apply when a state-court opinion addresses some but not all of a defendant's claims. . . . [I]t is not the uniform practice of busy state courts to discuss separately every single claim to which a defendant makes even a passing reference.").  Ms. Kinne has the burden to show that the state court did not have any reasonable basis to deny relief.  *Richter*, 562 U.S. at 98.

Direct evidence, including A.B.'s testimony that he had sex with Ms. Kinne (Doc. 11, Ex. 20 at 205), proved guilt.  Because evidence of Ms. Kinne's guilt was not wholly circumstantial, the prosecution did not have the burden to rebut the defense's hypothesis of innocence and an expanded motion would not have succeeded.  *Knight v. State*, 186 So. 3d 1005, 1010 (Fla. 2016) ("[T]he circumstantial evidence standard of review applies only where all of the evidence

of a defendant's guilt — *i.e.*, the evidence tending to show that the defendant committed or participated in the crime — is circumstantial, not where any particular element of a crime is demonstrated exclusively by circumstantial evidence."). Consequently, the state court did not unreasonably apply *Strickland*. *Pinkney v. Sec'y, Dep't Corrs.*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief.").

Also, the state supreme court recently abandoned the circumstantial evidence standard, and Ms. Kinne could not demonstrate prejudice under *Strickland*,either. *Bush v. State*, 295 So. 3d 179, 199 (Fla. 2020) ("Because this special standard is unwarranted, confusing, and out of sync with both the jury instructions currently used in this state and the approach to appellate review used by the vast majority of the courts in this country, we discontinue its use."); *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) ("Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."). Even under a *de novo* review, the claim is meritless. Ground Four is denied.

**Ground Five**

Ms. Kinne asserts that trial counsel was ineffective for not objecting to the following comment by the trial judge during sentencing (Doc. 1 at 18):

> [Court:]      You had a husband who worked hard to provide for his wife and his two daughters. You had a daughter that was essentially a special needs child. You had another younger daughter and instead of tending to your family you were having sex with a 16-year-old.

The post-conviction court denied the claim as follows (Doc. 1 at 27):

> . . . Defendant argues that trial counsel failed to object to the Court's improper statement made during sentencing. The Court was merely commenting on the evidence adduced at trial. His statements were not improper and any motion for mistrial or disqualification would have been denied.

Whether the comment was appropriate is an issue of state law, and a state court's determination of state law receives deference in federal court. *Machin*, 758 F.2d at 1433.  A sentencing judge imposes a sentence that is "commensurate with the severity of the primary offense and the circumstances surrounding the primary offense."  Fla. Stat. § 921.002(1)(c).  At trial, Ms. Kinne's husband testified that they have two daughters; one daughter is enrolled in special education and has serious health problems.  (Doc. 11, Ex. 20 at 513)  Also, he testified that he regularly travels for work from seven to twelve days at a time.  (Doc. 11, Ex. 20 at 512, 516–17)  Because the sentencing judge's comment described the circumstances surrounding the crime and was supported by both evidence and the jury's verdict, neither an objection to the comment nor a motion to disqualify the sentencing judge would have succeeded.  Fla. R. Jud. Admin. 2.330(b).  *Accord Foy v. State*, 818 So. 2d 704, 706 (Fla. 5th DCA 2002) ("The fear of judicial bias

must be objectively reasonable.  The subjective fear of a party seeking the

disqualification of a judge is not sufficient.  Rather, the facts and reasons given for

the disqualification of a judge must tend to show personal bias or prejudice.")

(citations omitted).  Consequently, the state court did not unreasonably apply

*Strickland*.  *Pinkney*, 876 F.3d at 1297.  Ground Five is denied.

**Ground Six**

Ms. Kinne asserts that trial counsel was ineffective for (1) not moving for

a downward departure, (2) not presenting testimony by Scott Kinne, Jacqueline

Wilhite, Kara Wintermote, Taylor Kinne, and Jorie Kinne at sentencing, and

(3) not ensuring that she had an opportunity to allocute at sentencing.  (Doc. 1

at 19)  The post-conviction court denied the claim as follows (Doc. 1 at 27–28)

(state court record citations omitted):

> . . . Defendant argues that several witnesses should have been
> called as character witnesses at sentencing. The Court does
> not find that the witnesses would have established a reason
> for a downward departure or a lesser sentence had they been
> called. Defendant writes that her daughters Jorie Kinne and
> Taylor Kinne should have been called to testify how much
> their family needs the Defendant around. Kara Wintermote
> and Jacqueline Wilhite would have testified that the
> Defendant never hurt them or others that they have known in
> the past which the Court does not find persuasive in this
> situation. Montrae Keller would have testified that he lived
> with the family at one point and paid rent for the room. That
> fact was established at trial. Scott Kinne would have testified
> that he was home when the alleged incident would have
> occurred. The testimony at trial from Scott Kinne himself
> refutes that claim. Mr. Kinne testified that he left the

> Wednesday evening before Thanksgiving. The Court does not
> find deficient performance or prejudice.

Trial counsel moved for a downward departure because the victim was a willing participant, Ms. Kinne did not have any prior convictions, Ms. Kinne had two daughters — including one with special needs, and the Department of Corrections recommended community control.  (Doc. 11, Ex. 21 at 4–6)  Whether an expanded motion would have succeeded is an issue of state law, and a state court's determination of state law receives deference in federal court.  Fla. Stat. § 921.0026(1); Fla. R. Crim. P. 3.704(28); *Machin*, 758 F.2d at 1433.  Because trial counsel did move for a downward departure and the state court concluded that the expanded motion would not have resulted in a lower sentence, the state court did not unreasonably apply *Strickland*.  *Pinkney*, 876 F.3d at 1297.

Ms. Kinne did not identify a mitigating circumstance which would have justified a downward departure, and her claim was speculative.  (Doc. 11, Ex. 10 at 13–17)  *State v. Johnson*, 288 So. 3d 765, 768 (Fla. 2d DCA 2020) ("'[A] trial court's opinions that the lowest permissible sentence is too harsh, or that the severity of the sentence is not commensurate with the seriousness of the crime, are prohibited grounds upon which to depart.'") (citation omitted); *State v. Stephenson*, 973 So. 2d 1259, 1264 (Fla. 5th DCA 2008) ("'Florida courts have consistently held that family support concerns are not valid reasons for downward departure.'") (citation omitted).

30

At trial, Ms. Kinne's daughter, Montrae Keller, Jacqueline Wilhite, and Scott Kinne testified that Ms. Kinne's older daughter had a mental disability and was always with her mother.  (Doc. 11, Ex. 20 at 464, 491, 508–09, 512–13) Montrae Keller testified that he lived in Ms. Kinne's home and paid rent for a room.  (Doc. 11, Ex. 20 at 496–98, 501–02)  Mr. Kinne testified that he had left town for work on the Wednesday before Thanksgiving and returned eight to ten days later.  (Doc. 11, Ex. 20 at 517)  The sentencing judge heard this testimony at trial, and additional testimony at sentencing would have been cumulative.  *Ledford*, 818 F.3d at 649.

Lastly, even though trial counsel did not ensure that Ms. Kinne had an opportunity to allocute (Doc. 11, Ex. 21 at 11–14)[2], Ms. Kinne did not demonstrate prejudice.  *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) ("When an ineffective assistance claim rests entirely on counsel's failure to object to an absence of inquiry about the right to allocute, a defendant must establish actual prejudice based on the denial.") (citing *Hill v. United States*, 368 U.S. 424, 426 (1962)).  Consequently, the state court did not unreasonably apply *Strickland*. Ground Six is denied.

---

[2] *Jean-Baptiste v. State*, 155 So. 3d 1237, 1241 (Fla. 4th DCA 2015) ("Our courts have read Rule 3.720(b) as requiring a trial court to permit a defendant to make a statement to the court.").

**Ground Seven**

Ms. Kinne asserts that the cumulative effect of the ineffective assistance of counsel claims in Ground One through Ground Six rendered her trial fundamentally unfair.  (Doc. 1 at 20).  Because Ms. Kinne's individual claims do not have merit, the claim of cumulative error is meritless.  *Morris v. Sec'y, Dep't Corrs.*, 677 F.3d 1117, 1132 (11th Cir. 2012).  Ground Seven is denied.

The petition for writ of habeas corpus (Doc. 1) is denied.  The Clerk is directed to enter judgment against Ms. Kinne and close the case.

**Certificate of Appealability and Leave to Appeal *In Forma Pauperis***

Ms. Kinne has not made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the claims denied on procedural grounds, Ms. Kinne has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, a certificate of appealability and leave to appeal *in forma pauperis* are denied.

**DONE AND ORDERED** at Tampa, Florida, on November 30, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Petitioner, *pro se* and Counsel of record

32